
File No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WELLS FARGO FINANCIAL INC., SUCCESSOR
TO NORWEST FINANCIAL, ILLINOIS, INC.

V.

DAVID DAUM, CAROL C. DAUM,
EARL W. GSWELL & CO., UNKNOWN
OWNERS AND NONRECORD CLAIMANTS

05C 4192

CASE NO.
JUDGE

JUDGE GRADY

MAGISTRATE JUDGE LEVIN

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, by its attorneys, NOONAN & LIEBERMAN, and pursuant to 735 ILCS 5/15-1504 alleges the following cause of action for foreclosure.

1. Jurisdiction of this court is based upon diversity of citizenship. Plaintiff is a national association with its principal place of business in the State of Minnesota. Defendant mortgagors are citizen of the STATE OF ILLINOIS.

2. This matter is controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3. Plaintiff files this complaint to foreclose the mortgage (or other conveyance in the nature of a mortgage) (hereinafter called "mortgage") herinafter describe, and joins the following persons as defendants:

4. Attached as Exhibit "A" is a copy of the mortgage and as Exhibit "B" is a copy of the Note secured thereby.

5. Information concerning mortgage:

(A) Nature of instrument: Mortgage

(B)   Date of Mortgage:    December 29, 1999

(C)   Name of Mortgagor(s):    David Daum & Carol C. Daum

(D)   Name of Mortgagee:    Norwest Financial, Inc.

(E)   Recorded January 6, 2000 in the Lake County Recorded of Deeds Office.

(F)   Identification of recorded:    4475497

(G)   Interest subject to the mortgage:    Fee simple

(H)   Amount of original indebtedness:    $200,000.00

(I)   Legal description and the common address:

Lot 12 in Block 6 in Northwood Manor, a Subdivision of part of the South half of the Southeast Quarter of Section 36, Township 43 North, Range 12, East of the Third Principal Meridian, according to the Plat thereof recorded July 23, 1923, in Book "L" of Plats, Page 94 as document 226218, in Lake County, Illinois.

Commonly Known As:    41 Pierce Road, Highland Park, IL 60035

(J)   Statements as to defaults:

Mortgage in default since July 30, 2001 with monthly installments of $3,865.00.

The mortgagors have failed to pay 48 payments when due, with the current mortgage payment being assessed at $3,865.00.

By reason of said default, Plaintiff has declared the full balance immediately due and payable.

(K)   Name and present owners of real estate:

David Daum & Carol C. Daum

(L)   Names of other persons who are joined as defendants and whose interest on the mortgaged real estate is sought to be terminated:

Earl W. Gswell & Co., Unknown Owners and Nonrecord Claimants

(M)   Names of defendants claimed to be personally liable for deficiency, if any, by

reason of signing the Note and Mortgage:

David Daum & Carol C. Daum

(N)  Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O)  Facts in support of a shortened redemption period: none at this time.

(P)  Statement that the right of redemption has been waived by all owners of redemption, if applicable.: Not applicable.

(Q)  Facts in support of request for attorney's fees and of costs and expenses: Pursuant to the terms of the Note and Mortgage, the fees, court costs, title costs, and other expenses with Plaintiff has been and will be required to expend in the prosecution of this foreclosure.

(R)  Facts in support of a request for appointment of mortgagee in possession of for appointment of receiver, and identify of such receiver, if sought:

(S)  No offer of Consent Foreclosure pursuant to Section 15-1402 has been tendered to mortgagor.

(T)  Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof: David Daum & Carol C. Daum.

## **REQUEST FOR RELIEF**

Plaintiff requests:

 (i) A judgment to foreclose such mortgage

 (ii) An order granting a shortened redemption period, if sought.

 (iii) A personal judgment for deficiency, if sought.

(iv) An order granting possession.

(v) An order placing the mortgage in possession or appointing a receiver if and when sought.

(vi) A judgment for attorney's fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspection and other expenses of the plaintiff.

(vii) Enforcement of its assignment of rents derived from said real estate.

(viii) Such other relief as equity may require, including but not limited to, declaratory and injunctive relief.


Respectfully filed,
Plaintiff
WELLS FARGO FINANCIAL, INC.

BY _____
One of the Plaintiff Attorneys


James V. Noonan
Laurence J. Goldstein
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, IL 60603
312-431-1455
#0018399

(a), w:30 /oo
CTLC

**4475497**

Filed for Record in:
LAKE COUNTY, IL
MARY ELLEN VANDERVENTER - RECORDER
On Jan 06 2000
At 2:25pm
Receipt #: 210133
Doc/Type : MTG
Deputy - Cashier #3

## REAL ESTATE MORTGAGE

$ 436,372.58 _____ Principal Amount of Loan

The Mortgagors, DAVID DAUM AND CAROL C. DAUM, HIS WIFE, AS TENANTS IN COMMON, mortgage and warrant to Norwest Financial Illinois, Inc., Mortgagee, the following described real estate situated in the County of LAKE _____, State of Illinois, to wit:
THE DESCRIPTION OF THE PROPERTY IS ON A SEPERATE FORM ATTACHED TO
THIS MORTGAGE, WHICH DESCRIPTION IS PART OF THIS MORTGAGE

to secure the repayment of a promissory note of even date, payable to Mortgagee in monthly installments, the last payment to fall due on JANUARY 4 _____, 2030 ___, and also to secure the repayment of any and all future advances and sums of money which may from time to time hereafter be advanced or loaned to Mortgagors by Mortgagee; provided however, that the principal amount of the outstanding indebtedness owing to Mortgagee by Mortgagors at any one time shall not exceed the sum of $200,000.00.

Mortgagors are hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this state. Mortgagors expressly agree to keep all legal taxes, assessments, and prior liens against said property paid, to keep the buildings and improvements thereon in good repair, to commit no waste thereon, and to keep the buildings and improvements thereon insured for the benefit of the Mortgagee as its interest may appear; and upon failure of Mortgagors to do so, Mortgagee may pay such taxes, assessments, and prior liens, and cause said property to be repaired, and cause said property to be insured, and the amount so paid shall become a part of the indebtedness secured by this mortgage as permitted by law. Mortgagors also agree not to sell, convey or otherwise transfer the mortgaged property or any portion thereof without Mortgagee's prior written consent and any such sale, conveyance or transfer without Mortgagee's prior written consent shall constitute a default under the terms hereof. A default hereunder or under the terms of the above described note, at Mortgagee's option, without notice or demand, shall render the entire unpaid balance of said note at once due and payable (including any unpaid Interest). The obligation secured by this mortgage has a demand (call option) feature.

Dated this 29th day of DECEMBER _____, 1999 .

_____(SEAL)    _____(SEAL)
DAVID DAUM                            CAROL C. DAUM
STATE OF ILLINOIS, COUNTY OF WILL _____ ) ss

The foregoing instrument was acknowledged before me this 29TH day of DECEMBER _____, 1999 ,
by DAVID DAUM & CAROL C. DAUM .

My Commission expires 10-27-03

"OFFICIAL SEAL"
JAMES C. CAMPBELL, Notary Public
Will County, State of Illinois
My Commission Expires 10/27/03

_____
Notary Public

I hereby acknowledge that all parties obligated on the loan secured by this mortgage have received written notice of the right to rescind the loan.

_____
(Borrower's Signature)

RETURN TO:
This instrument was prepared by NORWEST FINANCIAL ILLINOIS, INC    2727 MAPLE AVENUE    LISLE, IL 60532
                                Name                                              Address

IL-935a-0698

EXHIBIT
A

**10 YEAR CALL OPTION**

**IDENTIFICATION OF PARTIES:** We use the words you and your to mean the Borrowers and anyone else who signs this Note and Security Agreement. The words we, and our refer to the Creditor.

YOUR ACCOUNT IS PAYABLE TO THE CREDITOR SHOWN BELOW

NORWEST FINANCIAL ILLINOIS, INC
2727 MAPLE AVENUE
LISLE, IL     60532

| Account Number | Type | Residence Address (If not Same) |
|---|---|---|
| 41577610 | J5 | |

**Borrowers (Names and Address)**
DAUM, MR. DAVID L, CAROL
41 PIERCE RD
HIGHLAND PARK, IL, 60035532

| Date of Loan | First Payment Due Date | Others Same Day of Each Month | Final Payment Due Date | First Payment | Other Payments | Number of Monthly Payments |
|---|---|---|---|---|---|---|
| 12/29/99 | 02/04/00 | | 01/04/30 | $3865.00 | $3865.00 | 360 |

**11.00** % ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate.
$ **985573.50** FINANCE CHARGE: the dollar amount the credit will cost you.
$ **405826.50** Amount Financed: the amount of credit provided to you or on your behalf.
$ **1391400.00** Total of Payments: the amount you will have paid after you have made all payments as scheduled.

This obligation has a demand feature.

Late Charge: If any part of a payment is more than 10 days late, you will be charged a late charge equal / to 5% of the full payment.

Prepayment: If you pay off early, you will not have to pay a penalty and you will not be entitled to a refund of part of the finance charge.

Security: You are giving us a security interest in the property indicated below:
☐ Motor Vehicle
☒ Real Estate
☐ The Goods or Property Being Purchased

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**ITEMIZATION OF AMOUNT FINANCED**

| Amount | Description |
|---|---|
| $ 30546.08 | PREPAID FINANCE CHARGE (Points) |
| $ 405826.50 | AMOUNT FINANCED (Sum of amounts shown below) |
| $ 3458.86 | AMOUNT PAID ON YOUR ACCOUNT |
| $ NONE | AMOUNT PAID TO YOU FOR INCOME PROTECTION INS. |
| $ NONE | AMOUNT PAID TO YOU FOR TERM LIFE INS |
| $ 5,638.12 | AMOUNT GIVEN TO YOU DIRECTLY |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| Amount | Description |
|---|---|
| $ NONE | To Ins. Co. for Life Insurance (Single) |
| $ NONE | To Ins. Co. for Life Insurance (Joint) |
| $ NONE | To Ins. Co. for Accident & Health Insurance (Single) |
| $ NONE | To Ins. Co. for Accident & Health Insurance (Joint) |
| $ NONE | To Ins. Co. for Involuntary Unemployment Insurance |
| $ 30.00 | To Public Officials for Security Interest: Fees |
| $ 275.00 | To Appraiser for Appraisal |
| $ 790.00 | To Ins. Co. for Title Insurance |
| $ NONE | For Title Exam To _____ |
| $ NONE | For Abstract To _____ |
| $ NONE | To Credit Reporting Agency for Credit Report |
| $ NONE | For Trustee Fee To _____ |
| $ 198,906.75 | To HOMESIDE LENDING |
| $ 115,827.30 | To BANK ONE, NA |
| $ 6,984.77 | To AMERICAN EXPRESS CENTURION |
| $ 911.27 | To NORDSTROM |
| $ 298.00 | To PROVIDIAN NATIONAL BANK |
| $ 350.00 | To CAPITAL ONE |
| $ 100.00 | To BLOOMINGDALES |
| $ 72,256.43 | To TOTAL ATTATCHED ADDENDUM "A" |

*We may be retaining a portion of this amount.

| Amount | Description |
|---|---|
| $ 436372.58 | Principal Amount |
| 10.11 | Agreed Rate of %Interest Per Year |
| $ 955027.42 | Interest |
| $ 30546.08 | Points (Prepaid Finance Charge) |
| 11.00 | %Agreed Rate of Finance Charge Per Year (APR) |

Closed By **DH**

**YOUR PROMISE TO PAY AND THE TERMS OF REPAYMENT.** To repay your loan, you promise to pay the Principal Amount of Loan shown above together with Interest at the Agreed Rate of Interest Per Year on the Principal Amount of Loan until fully paid. You'll pay this sum to us at our office in instalments each month according to the terms of repayment shown above. The final instalment is equal to the unpaid Principal plus any unpaid Interest. A payment is considered made on the date we receive it. Each payment will be applied first to any late charges due, then to the Interest due on the date of payment and then to the unpaid Principal Amount of Loan. The Principal Amount of Loan includes the Amount Financed plus any Points. Any Points are withheld from the proceeds of your loan and are fully earned on the date of your loan and must be paid in full to satisfy this Note and Security Agreement. You may voluntarily prepay your loan at any time and we can require you to pay it in full at any time after 120 months from the date of your loan.

**RATE OF CHARGE.** The Agreed Rate of Finance Charge on your loan is shown above. The Rate of Interest Per Year on your loan is shown above and the monthly rate of Interest is one-twelfth of this yearly rate. Each month is considered to have 30 days and when Interest is figured for less than a month, the rate per day is one-thirtieth of the monthly rate.

**CALL OPTION.** We may, in our sole discretion at any time after 120 months from the Date of Loan, call your loan immediately due and payable in full.

**YOU GRANT US A SECURITY INTEREST.** You give us a security interest in your property described below. This property is called collateral. The purpose of this security interest is to protect us if you don't repay your loan described above or if you break any promise made in this Note and Security Agreement.

**THE PARAGRAPH BELOW DESCRIBES THE COLLATERAL COVERED BY THIS NOTE AND SECURITY AGREEMENT:**

| Make | Year/Model | Style/Body | Engine or Motor No. | License Number |
|---|---|---|---|---|
| | | | | For Year |

**REVERSE SIDE.** The additional terms printed on the reverse side are a part of this Note and Security Agreement and you are bound by them in the same manner as if they were printed on the front of this Note and Security Agreement.

**SIGNATURES.** If you agree to be bound by the terms of this Note and Security Agreement, please sign your name below. All persons signing this Note and Security Agreement will be fully responsible for paying it in full.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS NOTE AND SECURITY AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

[SIGN HERE] _____   [SIGN HERE] _____
[SIGN HERE] _____   [SIGN HERE] _____

EXHIBIT B