# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO FINANCIAL, INC., ) successor to Norwest Financial, ) Illinois, Inc., ) ) Plaintiff, ) ) v. ) ) DAVID DAUM, CAROL C. DAUM, and ) EARL W. GSWELL & CO., ) ) Defendants. ) | No. 05 C 4192 |

## **MEMORANDUM OPINION**

This is a mortgage foreclosure action brought by Wells Fargo Financial, Inc. ("Wells Fargo"). The principal defense of pro se defendants David Daum and Carol Daum is that they entered into an oral settlement agreement with Wells Fargo that released them from the mortgage. At a recent status hearing, the parties and the court discussed the issue of the enforceability of the alleged oral agreement in light of the Illinois Statute of Frauds. We asked the parties to file briefs on the issue, and they have now done so.[1]

The Illinois Statute of Frauds, 740 ILCS 80/2, provides in relevant part: "No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments

---

[1] Defendants' motion for leave to file their reply brief two days after the due date will be granted.

or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." Plaintiff contends that an agreement to release a mortgage concerns an interest in land, while defendants contend that a mortgage is merely a security interest incident to the debt it secures and thus does not concern an interest in land.

Evidently, there is a split of authority among the states on whether an oral agreement to release a mortgage is enforceable, and the view taken depends on whether the state regards a mortgage strictly as a conveyance of land or as a mere incident of the debt. 72 Am. Jur. 2d Statute of Frauds § 85 (2007) ("A difference of opinion, based largely upon the theory of the nature of a mortgage, exists as to the application of the statute of frauds to an oral agreement to release or discharge a mortgage. In those jurisdictions where a mortgage is considered as amounting to a lien or security merely, it is generally held that a parol release or discharge of, or an agreement to release or discharge, a mortgage, and the discharge of the mortgagor from personal liability, are not within the statute of frauds.").

The parties agree that Illinois law governs this diversity case. Although the relevant Illinois case law is sparse, it supports defendants' argument. In <u>Mutual Mill Ins. Co. v. Gordon</u>,

12 N.E. 747 (Ill. 1887), the Illinois Supreme Court held that an oral agreement to release a mortgage was enforceable and that the the statute of frauds did not apply, stating as follows:

> The statute of frauds can have no application to the case. A parol release or accord and satisfaction of the notes, as between the parties, is plainly sufficient. The payment or discharge of the debt, evidenced by the notes, operates to release the mortgage, which is but an incident to the debt.

12 N.E. at 750 (citations omitted). Ninety years later, the Illinois Appellate Court, citing Mutual Mill, also held that a parol release or accord and satisfaction of a mortgage note was sufficient to release a debt. Moore v. Lewis, 366 N.E.2d 594, 599 (Ill. App. Ct. 1977). See also J.F. McKinney & Assocs., Ltd. v. General Elec. Inv. Co., No. 97 C 4725, 1998 WL 729637, at *3 (N.D. Ill. Oct. 16, 1998) (citing Moore).

Because Illinois law is clear that an agreement to release a mortgage does not have to be in writing in order to be enforceable, defendants are permitted as a matter of law to raise the oral agreement as an affirmative defense.

A status hearing is set for April 25, 2007 at 10:30 a.m. to set the case for trial.

DATE: April 4, 2007

ENTER: _____
John F. Grady, United States District Judge